STATE OF MAINE, by Scire Facias, *vs.* HARRY B. RUSS et als.

Cumberland.    Opinion March 13, 1905.

*Recognizance in Criminal Cases.   Scire Facias.   Pleading.   Stat. 1856, c. 204.*
*Stat. 1895, c. 134.   Stat. 1901, c. 57.   R. S., c. 133, § 5; c. 134, §§ 13, 27.*

1.  It is not necessary for a recognizance in a criminal case to state that the warrant had a proper return signed by the officer serving it.
2.  Neither is it necessary for the recognizance to recite the fact that the defendant pleaded.
3.  A recognizance in a criminal case is not vitiated by requiring the defendant in the concluding words to "further do and receive that which the said court shall then consider."  Such words are mere surplusage.

On exceptions by defendants.    Overruled.

Scire facias brought in behalf of the state in the Superior Court for Cumberland County against the principal and sureties upon a recognizance taken by the Municipal Court for the city of Portland, in the penal sum of $1500 for the appearance of the principal at the May term, 1903, of said Superior Court.   The defendants filed a general demurrer to the writ.   The demurrer was overruled. Thereupon the defendants took exceptions.

The case is sufficiently stated in the opinion.

*Robert Treat Whitehouse,* County Attorney, for the State.

*Harrison G. Sleeper and William H. Gulliver,* for the defendants.

SITTING:   WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

WHITEHOUSE, J.   This is a writ of scire facias, brought in behalf of the state in the Superior Court for the County of Cumberland, against the principal, and sureties upon a recognizance taken by the Judge of the Municipal Court for the city of Portland in the penal sum of $1500 for the appearance of the principal Harry B. Russ at the May term of the Superior Court, 1903.   The defendants filed a general demurrer to the writ and the case comes to this court upon exceptions to the overruling of the demurrer.

In support of the exceptions it is contended by the learned counsel for the defendants, that the writ is defective, first, because it fails to show that the warrant against the defendant had a proper return thereon signed by the officer serving it, 2nd, because it does not show that any plea was entered before the magistrate, 3d, that the magistrate had before him a complaint charging the defendant with two distinct offenses, and 4th, because the writ summons the sureties, not only to show cause why judgment should not be had for said sum, but also "further do and receive that which the said court shall then consider."

It is provided by section 27 of chapter 134, R. S., that, "No action on any recognizance shall be defeated, nor judgment thereon arrested, for an omission to record a default of the principal or surety at the proper term, nor for any defect in the form of the recognizance, if it can be sufficiently understood, from its tenor, at what court the party or witness was to appear, and from the description of the offense charged, that the magistrate was authorized to require and take the same."

In this case the writ appears to fulfil all the requirements of the general rules of pleading and to be sufficient without the aid of these statutory provisions, but the sufficiency of it is established beyond question by the statute above quoted.   In the first place, it can be sufficiently understood from its tenor at what court the defendant was to appear and from the description of the offense charged that the magistrate was authorized to require and take the

same. With respect to the latter requirement, the description of the defense contained in the writ, fully, correctly and technically, charges the principal defendant with the offense of being accessory before the fact to the felonies of forgery and uttering.

Such an offense is not within the jurisdiction of the Judge of the Municipal Court of the city of Portland for trial, but it is an offense, with respect to which he is authorized to find probable cause against the accused and take his recognizance for his appearance at the Superior Court. See chapter 204 of the act of 1856 of the public laws of Maine, as amended by act of 1895, chapter 134 and act of 1901, chapter 57, defining the jurisdiction of the Municipal Court of the city of Portland. See also section 5, chapter 133, relating to the criminal jurisdiction of magistrates, and section 13, chapter 134, in relation to the examination of offenders.

It was not necessary for the recognizance to state that the warrant had a proper return signed by the officer serving it. The statute makes it entirely unneccessary to recite any preliminary acts such as the making of the return of the warrant. The requirement in regard to the return is not made a condition precedent to the taking of the recognizance, but it appears from the recognizance in this case that the principal defendant was actually brought before the court "by virtue of the warrant duly issued."

A recognizance containing the exact words of the recognizance in the case at bar in this respect, but making no mention of the return upon the warrant, was held sufficient in *State* v. *Hatch*, 59 Maine, 410, and *State* v. *Cobb*, 71 Maine, 198.

It is equally unnecessary for the recognizance to recite the fact that the defendant pleaded. This is a matter entirely outside of the description of the offense specified in the statute. See *State* v. *Hatch*, and *State* v. *Cobb*, supra.

It does not appear from the writ that the magistrate had before him a complaint charging the defendant with two distinct offenses. As already shown, the writ simply sets forth a full description of the offense of being accessory before the fact to the felonies of forgery and uttering. The offense intended by the words "said offense" is plain and unequivocal upon a careful reading of the writ. Finally

it is objected by the defense that the statute only requires that the lower court shall cause the respondent to "recognize with sufficient sureties to appear," whereas the recognizance in this case required the defendant to "further do and receive that which the said court shall then consider."·

It has been held that the concluding words of a recognizance pre-cisely like these, are mere surplusage and do not vitiate the recogniz-ance. *State* v. *Hatch,* supra. "There can be no reason for disturb-ing what has now become an established practice under that decision." *State* v. *Cobb,* supra.

<div align="center">

*Exceptions overruled.     Judgment for the State.*